UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| FLOYD EDWARD TEMPLE, JR. | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-165 |
| | ) | |
| CIRCUIT CITY STORES, INC. | ) | |
| and | | |
| ROGER BENNETT AND | ) | |
| RICHARD A. COMBS | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-211 |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| | ) | |

**O R D E R**

Each of these actions brought by plaintiffs seeking to act as representatives of a proposed class of citizens who purchased goods from the defendants between October 25, 1992 and January 4, 2005, is before the Court to consider a Report and Recommendation of the United States Magistrate Judge dated February 21, 2006, recommending a transfer of venue to the District Court for the Eastern District of New York. [Doc. 22 (Wal-Mart) and Doc. 31 (Circuit City)]. The cases involve nearly identical issues, and plaintiffs are represented by

the same counsel. The United States Magistrate Judge held a joint hearing as to the defendants' motions to transfer venue in each case with the same Report and Recommendation being filed in each case. The plaintiffs have filed an objection to this Report in each case. [Doc. 25 (Wal-Mart) and Doc. 32 (Circuit City)].

Consistent with 28 U.S.C. § 636(b)(1), this Court has made a *de novo* review of the United States Magistrate Judge's Report and Recommendation, including, but not limited to, a review of the pleadings filed with the Court relative to the defendants' motions to transfer venue, the transcript of the proceedings before the United States Magistrate Judge, and the objections to the Report and Recommendation. The required de novo review "was not meant to compel the Judge to conduct a new hearing, but simply that he or she must 'give fresh consideration to those issues to which specific objections have been made'." 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3070.2 (1997). In exercising its broad discretion under 28 U.S.C. § 1404(a), this District Court has weighed the various factors to be considered in determining whether to transfer a case, including the plaintiffs' choice of forum, witness location, residence of the parties, location of proof, location of the events giving rise to the dispute, all the while keeping in mind that the "purpose of § 1404(a) 'is to prevent the waste of time, energy, and money,' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and

expenses.'" *Blue Cross/Blue Shield of Tenn. v. Griffin*, 2004 W.L. 1854165, * 4 E.D. Tenn. 2004); *See Image Point, Inc. v. Keyser Industries, Inc.*, 2005 W.L. 12442067 (E.D. Tenn. 2005); *Ellipsis, Inc. v. Colorworks, Inc.*, 329 F. Supp. 2d 962 (W.D. Tenn. 2004).

After conducting this review, the Court FINDS that the Report and Recommendation should be approved. Accordingly, it is hereby **ORDERED** that the Report and Recommendation is **ADOPTED** and **APPROVED**, and the defendants' motions to transfer venue are **GRANTED**. [Doc. 8 (Wal-Mart) and Doc. 14 (Circuit City)].

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
